**Roberto Martinez LEYVA, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

No. 05–75989.

United States Court of Appeals, Ninth Circuit.

Submitted July 22, 2008.*

Filed July 1, 2010.

Julia L. Osborne, Esq., Law Offices of Julia L. Osborne, Las Vegas, NV, for Petitioner.

NVL–District Counsel, Office of the District Counsel Department of Homeland Security, Las Vegas, NV, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Jeffrey J. Bernstein, Esq., Michelle G. Latour Fax, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: B. FLETCHER, THOMAS and WARDLAW, Circuit Judges.

MEMORANDUM **

Roberto Martinez Leyva, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

an immigration judge's decision denying his application for asylum and withholding of removal, and denying his motion to remand. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence and will uphold the agency's decision unless the evidence compels a contrary conclusion. *INS v. Elias–Zacarias,* 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We review for abuse of discretion the denial of a motion to remand. *See Movsisian v. Ashcroft,* 395 F.3d 1095, 1098 (9th Cir.2005). We deny the petition for review.

■■■ The record does not compel the conclusion that extraordinary circumstances excuse the untimely filing of Martinez Leyva's asylum application. *See* 8 C.F.R. § 1208.4(a)(5); *Husyev v. Mukasey,* 528 F.3d 1172, 1182 (9th Cir.2008). Accordingly, the asylum claim is denied. Because Martinez Leyva did not raise the issue to the IJ or BIA, we lack jurisdiction to consider whether the agency erred in interpreting the term "minor" in 8 C.F.R. § 1208.4(a)(5)(ii) to refer to persons under eighteen years of age, as opposed to persons under twenty-one years of age. *See Rojas–Garcia v. Ashcroft,* 339 F.3d 814, 819 (9th Cir.2003) ("Before a petitioner can raise an argument on appeal the petitioner must first raise it before the BIA or the IJ.") (citing 8 U.S.C. § 1252(d)). We note that Martinez Leyva was twenty-two years of age at the time of his merits hearing before the IJ and his appeal to the BIA.

■■■ We deny the petition with respect to the withholding of removal claim because Martinez Leyva failed to show that the government, or groups that the government is unable or unwilling to control, persecuted him in the past or that he faces a clear probability of future persecution by such groups or the Mexican government. *See Castro–Perez v. Gonzales,* 409 F.3d 1069, 1072 (9th Cir.2005).

The BIA did not abuse its discretion in denying Martinez Leyva's motion to remand because the motion was not supported by evidence showing prima facie eligibility for relief. *Ordonez v. INS,* 345 F.3d 777, 785 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**